USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: ___08/31/2021___

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------- x
PARANEE SARIKAPUTAR, ET AL., *on behalf of* :
*themselves and others similarly situated,*                  :
                                                             :
                                    **Plaintiffs,**          :          **19-cv-11168 (ALC)**
                                                             :
         -against-                                           :          <u>**OPINION & ORDER**</u>
                                                             :
                                                             :
**VERATIP CORP. d/b/a ThaiNY Restaurant, ET AL.,** :
                                                             :
                                    **Defendants.**        x
-------------------------------------------------------------------
**ANDREW L. CARTER, JR., District Judge:**

Plaintiffs Paranee Sarikaputar, Pedro Coj Cumes, Phouviengsone Sysouvong a/k/a Tukta

Phouviengsone, Supunnee Sukasawett, Wipaporn Sittidej, Vinai Patan, Phaisit Sirimatrasit,

Chaichana Kittironnakornkul a/k/a Kay Kittironnakornkul, and Supatra Wungmarn (collectively,

"Plaintiffs"), on behalf of themselves and others similarly situated, bring claims under the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law ("NYLL"),

N.Y. Lab. Law §§ 190 *et seq.*,[1] against multiple corporate and individual defendants.[2]

Defendants Michael Bronstein, Gift Rakowski, J Akira LLC d/b/a Tom Yum d/b/a M-Thai,

Excel Restaurant Group Corp. d/b/a Charm's and Lucky Charm 6365 Corp. d/b/a Thais New

---

[1] Plaintiffs Sarikaputar and Cumes bring FLSA and NYLL claims, while the remaining Plaintiffs bring only NYLL claims. *See* Compl. at 1.

[2] Defendants in this case are: (1) Veratip Corp. d/b/a ThaiNY Restaurant; (2) Ninety-Nine Plus Corp. d/b/a ThaiNY Restaurant; (3) J Akira LLC d/b/a Tom Yum d/b/a M-Thai; (4) Excel Restaurant Group Corp. d/b/a Charm's; (5) ThaiNY Restaurant LLC d/b/a M Thai; (6) 9999 Midtown Corp. d/b/a Thai Rice and Noodle; (7) Prosperity 89 Corp. d/b/a Thais New York; (8) Lucky Charm 6365 Corp. d/b/a Thais New York; (9) Opulent Restaurant Corporation d/b/a Thais New York; (10) Perapong Chotimanenophan a/k/a Peter Chotimanenophan; (11) Shue-Lee Cheng Li; (12) Michael P. Bronstein; (13) Chardenpong Oonapanyo a/k/a Chareonpong Oonpanyo; (14) Adidsuda Chunton a/k/a Amy Chunton; (15) Ah Di; and (16) Gift Rakowski (collectively, "Defendants"). Plaintiffs initially also asserted claims against Lucky DD Corp. d/b/a Thais New York, Excellent Dumpling House Inc. d/b/a Excellent Dumpling House, Thai-to-Go LLC d/b/a Thais New York, and Hin Wai Law. However, Plaintiff filed a notice of voluntary dismissal as to these defendants on March 5, 2020. ECF No. 35. The Clerk of Court is hereby directed to terminate those parties.

York (hereinafter, "Moving Defendants"), moved to dismiss all claims against them. For the reasons discussed below, the Moving Defendants' motion is **DENIED**.

## BACKGROUND

### I.       Procedural History

Plaintiffs commenced this action on December 5, 2019. ECF No. 1 ("Compl."). This action was filed as related to *Sarikaputar v. Veratip Corp.*, 17-cv-814 (hereinafter, "Related Action"). ECF No. 4. On February 18, 2020, Moving Defendants filed a letter for pre-motion conference in connection with their anticipated Rule 12(b) motion. ECF No. 30. That same day, Defendants J Akira LLC, Prosperity 89 Corp. and Adidsuda Chunton filed an Answer to Plaintiff's Complaint. ECF No. 31. On September 30, 2020, the Court denied Defendants' earlier request for a pre-motion conference and ordered the parties to file a joint status report. ECF No. 46. That same day, Defendants submitted a letter to the Court stating that a joint status report would be premature at that stage given that Moving Defendants still wished to file a pre-answer motion to dismiss. ECF No. 47. The Court then granted Moving Defendants leave to file a motion to dismiss later that day. ECF No. 48. Moving Defendants filed their motion to dismiss and supporting memorandum of law on November 2, 2020 (Defs.' Mot."). ECF Nos. 51-52. Plaintiffs filed their opposition on November 30, 2020 ("Pls.' Opp."). ECF No. 53. Moving Defendants' reply was due on December 14, 2020, but was never filed. On December 21, 2020, the Court ordered Moving Defendants to show cause by no later than January 11, 2021, why their motion to dismiss should not be deemed fully briefed. ECF No. 54. To date, Moving Defendants have not responded to the Order to Show Cause. Thus, the motion is deemed fully briefed. After careful consideration, Moving Defendants' motion to dismiss is **DENIED**.

## II.      Factual Background[3]

The Court assumes familiarity with the Court's opinions in the Related Action,

specifically, this Court's opinions denying Defendants Bronstein and J Akira LLC's Motion for

Judgment on the Pleadings and Defendant Bronstein's Motion for Summary Judgment. *See*

17-cv-814, ECF Nos. 61, 132. The allegations in this action are substantially the same as those in

the Related Action. *See* 17-cv-814, ECF No. 61 at 2-3. Plaintiffs, a group of individuals who

were employed by Defendants in various capacities, allege that during their employment,

Defendants failed to pay Plaintiffs a spread of hours, failed to provide employees with time of

hire notices and paystubs, and retaliated against Plaintiffs when they complained of their

inadequate pay. *See, e.g.*, Compl. ¶¶ 98-100, 104. Further, they allege that Defendants failed to

compensate Plaintiffs for overtime, failed to consistently provide breaks to Plaintiffs, and

required Plaintiffs to work during the breaks that were provided. *See, e.g.*, *id.* ¶¶ 109-115, 119-

121. The main difference between the allegations in the Related Action and this action is that

numerous corporate and individual defendants were added, as detailed below. Defendant

Rakowski was one of the new defendants added. As relevant here, Defendant Rakowski is

alleged to have "the power to hire and fire employees," and that he "supervised and controlled

employee work schedules and conditions of employment, determined employees' rates and

methods of pay, and maintained employment records." *Id.* ¶ 84. These are substantially the same

allegations that were made against Defendant Bronstein in the Related Action. 17-cv-814, ECF

No. 1 ¶ 33. Further, Defendant Rakowski is alleged to be the liquor license principal for

---

[3] When determining whether to dismiss a case, the court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). The Court may also take judicial notice of filings in another action. *See Glob. Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." (internal citation and quotation marks omitted)). Pursuant to these standards, this recitation of facts is based on Plaintiff's Complaint as well as the filings in the Related Action.

Defendant Prosperity 89 Corp. d/b/a Thais New York, and an active and regular manager of

ThaiNY Restaurant, Tom Yum, M-Thai, M Thai, Thai Rice and Noodles, and Thais New York at

all times relevant to this lawsuit. Compl. ¶ 85.

## STANDARD OF REVIEW

When considering a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), a

court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded

factual allegations to be true, and determine whether they plausibly give rise to an entitlement to

relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks

omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The

Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at

a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v.

Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

However, "the tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to . . . threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

**DISCUSSION**

I.       **J Akira LLC's & Lucky Charm 6365 Corp.'s Motion to Dismiss**

A.  **J Akira LLC's Motion to Dismiss for Failure to State a Claim is Untimely**

J Akira LLC, along with the remaining Moving Defendants, purports to move for

dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

However, this motion is untimely given that J Akira LLC, along with two other defendants, filed

an answer on February 18, 2020, months before filing the instant motion to dismiss. It is well-

established that "[u]nder the unambiguous, mandatory language of Rule 12(b), a motion to

dismiss for failure to state a claim must be made before an answer is filed." *Moore v. Shahine*,

No. 18-cv-463, 2019 WL 948349, at *2 (S.D.N.Y. Feb. 27, 2019) (citing Fed. R. Civ. P. 12(b)).

That is so even where, as here, the defendant includes the grounds for the motion to dismiss in its

affirmative defenses. *Id.*[4] Indeed, the "proper vehicle for challenging a complaint after an answer

has been filed is a motion for judgment on the pleadings, as permitted by Rules 12(c) and

12(h)(2)." *Id.* (internal citations omitted). Thus, J Akira LLC's motion to dismiss for failure to

state a claim is untimely and is DENIED on that basis.

B.  **Lucky Charm 6365 Corp.'s Motion to Dismiss For Failure to State a Claim**

Moving Defendants' memorandum of law states that Lucky Charm 6365 Corp. d/b/a

Thais New York, along with the remaining Moving Defendants, was submitting the

memorandum of law in support of Moving Defendants' motion to dismiss. Defs.' Mot. at 6.

However, the Moving Defendants' Notice of Motion does not include Lucky Charm 6365 Corp.

---

[4] While the Court is aware of no case law addressing the effect of filing a pre-motion conference letter in connection with an anticipated motion to dismiss prior to filing an answer, the language of Rule 12(b)(6) supports the conclusion that this would have the same effect as including the grounds for the motion to dismiss in defendant's answer. That is to say, even though Moving Defendants filed a pre-motion conference letter stating their intent to file a motion to dismiss for failure to state a claim, their motion to dismiss as to Defendant J Akira LLC is still untimely.

as one of the Moving Defendants, ECF No. 51, nor does their memorandum of law include any

arguments as to Lucky Charm 6365 Corp., *see generally* Defs.' Mot. Thus, to the extent that

Moving Defendants seek to have claims dismissed against Lucky Charm 6365 Corp., that motion

is DENIED.

## II.    Claim-Splitting[5]

Under the doctrine of claim splitting, "a party cannot avoid the effects of *res judicata* by

splitting her cause of action into separate grounds of recovery and then raising the separate

grounds in successive lawsuits." *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 91

(S.D.N.Y. 2002) (citing, *inter alia*, *Waldman v. Village of Kiryas Joel*, 207 F.3d 105, 110 (2d

Cir. 2000)); *see also Tesla Wall Sys., LLC v. Related Cos., L.P.*, No. 17-cv-5966, 2017 WL

6507110, at *5 (S.D.N.Y. Dec. 18, 2017) ("Claim-splitting is generally prohibited by the

doctrine of res judicata, which bars parties to a prior action or those in privity with them from

raising in a subsequent proceeding any claim that they *could* have raised in the prior one, where

all of the claims arise from the same set of operative facts." (internal citation and quotation

marks omitted) (emphasis in original)). "To decide if a later-filed suit is duplicative, courts

examine whether the two proceedings involve the same (1) parties or their privies and (2)

transactions or series of transactions." *Tesla Wall Sys.*, 2017 WL 6507110, at *5 (internal citation

and quotation marks omitted). "In its modern form, the principle of privity bars relitigation of the

same cause of action against a new defendant known by a plaintiff at the time of the first suit

---

[5] Claim-splitting is a "prudential 'matter of docket management' allowing district courts to 'dispense with
duplicative litigation.'" *Smith v. Dist. of Columbia*, 387 F. Supp. 3d 8, 19 (D.D.C. 2019) (quoting 18 Charles Alan
Wright et al., Federal Practice & Procedure § 4406 (3d ed. 2019)). Thus, even though Defendant J Akira LLC's
motion to dismiss for failure to state a claim is untimely, the Court may still consider the claim-splitting argument as
to J Akira LLC.

where the new defendant has a sufficiently close relationship to the original defendant to justify

preclusion." *Id.* (internal citation and quotation marks omitted).

In order to analyze this argument by Moving Defendants, the Court must examine the

procedural history of the previously filed Related Action, *Sarikaputar v. Veratip Corp.*, 17-cv-

814. In the Related Action, Plaintiffs Sarikaputar and Sysouvong asserted claims under the

FLSA and the NYLL against Veratip Corp., J Akira LLC, ThaiNY Restaurant LLC, Ninety-Nine

Plus Corp., 9999 Midtown Corp., Perapong Chotimanenophan, Shue-Lee Cheng Li, Michael

Bronstein and Chardenpong Oonapanyo, all Defendants in the instant case. Compl., 17-cv-814,

ECF No. 1.[6] The remaining Plaintiffs in the instant action were subsequently added as party

plaintiffs under the FLSA. *Id.*, ECF Nos. 7, 10, 10-1, 89, 90, 99, 102. On September 24, 2019,

Plaintiffs filed a motion for leave to amend their Complaint and supporting memorandum of law.

17-cv-814, ECF Nos. 106, 108. They sought to, *inter alia*, add as defendants, Prosperity 89

Corp., Thai-to-Go LLC, Adidsuda Chunton, Hin Wai Law, Ah Di, and Gift Rakowski "as party

Defendants liable as employers of the Plaintiffs," as well as Excel Restaurant Group Corp.,

Excellent Dumpling House Inc., Lucky Charm 6365 Corp., Opulent Restaurant Corporation, and

Lucky DD Corp. "as party Defendants liable as successors to one or more of Plaintiffs'

employers." 17-cv-814, ECF No. 108 at 1. On October 18, 2019, Magistrate Judge Aaron denied

the motion on the basis of delay and prejudice, noting that there was no prejudice as to Plaintiffs

because "[t]he plaintiffs who seek to be added to the amending [sic] pleading already have filed

consents to seek redress in this case for violations of the FLSA" and because they could "file a

plenary action against the *new defendants* that Plaintiffs had sought to add." 17-cv-814, ECF No.

---

[6] Shue-Lee Cheng Li appears once in the body of the Complaint in the instant action, *see* Compl. at 3, but does not appear in the caption, nor are there any substantive allegations made against Shue-Lee Cheng Li. *See generally* Compl.

114 at 5 (emphasis added). Plaintiffs subsequently filed the instant action on December 5, 2019.
Compl.

To the extent the Complaint in the instant action is against the new defendants that
Plaintiffs previously sought to add, the doctrine of claim-splitting does not bar Plaintiff's claims
given that the first element of the claim-splitting test is not met as to those particular
Defendants.[7] For the same reason, Plaintiffs not originally named in the Related Action may also
assert NYLL claims against Defendants J Akira LLC and Bronstein.[8] Plaintiffs appear to
recognize that Plaintiffs Sarikaputar and Sysouvong may not assert NYLL claims against
Defendants J Akira LLC and Bronstein, as Plaintiffs assert that these Plaintiffs do not bring
NYLL claims against these Moving Defendants.[9] Pls.' Opp. at 4.

## III.    Defendants Bronstein's and Rakowski's Motion to Dismiss

The Court declines to consider evidence extrinsic to Plaintiffs' Complaint and convert the
instant motion into one for summary judgment. *Islip U-Slip LLC v. Gander Mountain Co.*, 2 F.
Supp. 3d 296, 302 (N.D.N.Y. 2014) ("[W]hile a court must convert a motion to dismiss for
failure to state a claim into a motion for summary judgment if 'matters outside the pleadings are

---

[7] Moving Defendants assert that the claims against Excel Restaurant Group Corp. are barred by the doctrine of claim-splitting because Plaintiffs' claims against this defendant "solely rely on the allegation that Excel is a successor to J Akira." Defs.' Mot. at 6. Moving Defendants reason that "[i]f J. Akira is dismissed as a defendant, [then] this Court must also dismiss all claims against Excel." *Id.* at 14. Moving Defendants have provided no support for their contention, and thus the Court rejects this argument.

[8] Plaintiffs who were not originally named (and were only added as party plaintiffs under the FLSA) did not assert NYLL claims in the Related Action. Thus, neither the same parties or claims were involved in the Related Action with respect to the NYLL claims being asserted by these Plaintiffs in the instant action.

[9] There are no FLSA claims pending against either Defendants J Akira LLC or Bronstein and thus, any motion to dismiss FLSA claims as to these two defendants is denied without prejudice as moot. *See Tecocoatzi-Ortiz v. Just Salad LLC,* No. 18-cv-7342, 2019 WL 1585163, at *2 (S.D.N.Y. Apr. 12, 2019). According to Plaintiffs, in the instant action, only Plaintiffs Sarikaputar and Cumes brought FLSA claims against Excel, Prosperity 89 Corp., Lucky Charm, Opulent Restaurant Corporation, Adidsuda Chunton, Ah Di, and Gift Rakowski because they had brought FLSA claims against the remaining Defendants (*i.e.*, Bronstein and J Akira LLC) in the earlier action. Pls.' Opp. at 4. Further, Plaintiffs assert that Plaintiffs Sarikaputar and Sysouvong brought new NYLL claims against the same defendants that Plaintiffs Sarikaputar and Cumes brought FLSA claims against. *Id.* Plaintiffs state that the remaining Plaintiffs assert only NYLL claims against all Defendants. *Id.* Thus, as previously discussed, the only Plaintiffs asserting NYLL claims against Defendants Bronstein and J Akira LLC in this action are Plaintiffs Sukasawett, Sittidej, Patan, Sirimatrasit, Kittironnakornkul, Wungparn and Cumes.

presented to and not excluded by the court,' conversion is not required if the court disregards the extrinsic material." (citing, *inter alia*, *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006)). Treating Defendants Bronstein and Rakowski's motion as a motion to dismiss, the Court concludes that Plaintiffs have adequately alleged that Defendants Bronstein and Rakowski were their employers, for substantially the same reasons the Court denied Defendant Bronstein's motion for judgment on the pleadings in the Related Action, and held that Plaintiffs had adequately alleged that Defendant Bronstein was their employer. 17-cv- 814, ECF No. 61.

<strong>CONCLUSION</strong>

For the reasons herein, Moving Defendants' motion to dismiss is **DENIED**. The Clerk of Court is hereby directed to terminate ECF No. 51. The parties are hereby directed to file a joint status report within thirty (30) days from the date of this Opinion and Order, including proposed next steps.

**SO ORDERED.**

**Dated: August 31, 2021**
    **New York, New York**

                                    **ANDREW L. CARTER, JR.**
                                    **United States District Judge**

9